IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02919-KLM

JEANETTE RODRIGUEZ,

Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF TYLER S. BROWN,
in his official capacity,

Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [#30][1] (the "Motion"). Defendant filed a Response [#31] in opposition to the Motion, and Plaintiff filed a Reply [#33]. The parties have consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d). *See* [#19, #24]. The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#30] is **GRANTED.**

**I. Background**

Plaintiff filed suit on November 13, 2018, alleging that Defendant Arapahoe County

---

[1] "[#30]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

-1-

Sheriff Tyler Brown[2] discriminated against her on the basis of her race, sex, and national origin, and retaliated against her in violation of Title VII of the 1964 Civil Rights Act and the Colorado Anti Discrimination Act ("CADA"). *See generally First Am. Compl. and Jury Demand* [#8].

In the present Motion, Plaintiff moves for leave to file her Second Amended Complaint and Jury Demand [#30-3] (the "Second Amended Complaint"), which seeks to add an additional claim of retaliation under both Title VII and the CADA. *Proposed Second Am. Compl.* [#30-3] ¶¶ 22, 32. This new claim stems from Plaintiff's allegation that on March 27, 2019, she was summoned by a supervising officer and presented with a "Remediation Plan" which requires her to undergo twenty-four hours of additional remedial training. *Id.* Plaintiff alleges that she had already completed remedial training on February 13, 2015, and that this additional remedial training constitutes continued and unlawful harassment and retaliation. *Id.* As relevant to the Motion [#30], this alleged retaliation occurred after Plaintiff initiated this action and days after the expiration of the deadline to amend pleadings. Defendant opposes the Motion [#30] on the grounds that Plaintiff's new claim for retaliation under Title VII is futile.

## II. Analysis

As a preliminary matter, the deadline for the amendment of pleadings was March 14, 2019. *Scheduling Order* [#22] at 8. Plaintiff filed the present Motion [#30] on April 5, 2019, and therefore the Motion is untimely. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under

---

[2] Defendant Sheriff Tyler Brown is sued in his official capacity only.

Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotations omitted); *see*, *e.g.*, *Petekeiwicz v. Stembel*, No. 13-cv-1865-RM-KLM, 2015 WL 1740386, at *4 (D. Colo. Apr. 14, 2015); *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL 1464588 (D. Colo. Apr. 18, 2011). Accordingly, the Court will address Rules 16 and 15 in turn.

**A.     Good Cause Under Fed. R. Civ. P. 16(b)(4)**

Under Rule 16(b), a Scheduling Order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b)(4) standard requires the movant to show that, despite the movant's diligent efforts, he or she could not meet the scheduling deadline. *Birch v. Polaris Indus.*, *Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). To prove diligence, a plaintiff must provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. If the plaintiff knew of the conduct substantiating the claims she seeks leave to add, but simply failed to raise the claims, the plaintiff has failed to show good cause, and the claims are barred. *Birch*, 812 F.3d at 1247. Denial is appropriate when the moving party does not demonstrate good cause for her failure to file the motion prior to the Scheduling Order deadline. *Minter*, 451 F.3d at 1205.

Here, Plaintiff seeks to amend her complaint to include an additional claim for retaliation that occurred days after the expiration of the deadline to amend pleadings. *Motion* [#30] at 2. Simply put, it was not possible for Plaintiff to amend her complaint with

these facts until after the deadline. Thus, there is no reason to believe that this failure to amend before the deadline passed is attributable to a lack of diligence on the part of Plaintiff, and Plaintiff's explanation for the delay is compelling. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (holding that "[t]o establish good cause, the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence." (quoting *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)). Furthermore, Defendant does not argue whether good cause to amend exists. *See generally Response* [#31] at 4. Accordingly, the Court concludes that Plaintiff has demonstrated good cause, and Rule 16(b)(4) is satisfied.

**B.     Futility Under Fed. R. Civ. P. 15(a)(2)**

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The purpose of the rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). "[Defendant] bear[s] the burden of showing that the proposed amendment is sought in bad faith [or is] futile." *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (citing *Fluker v. Fed. Bureau of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at *4 (D. Colo. Apr. 21, 2009)). Here, Defendant opposes the Motion [#30] only on the basis of futility. *Response* [#31] at 4.

An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cty. Sch. Dist. v. Moody's Inv'rs Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff['s] proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff[ ], and the allegations in the complaint must be accepted as true." *Bennett v. Wells Fargo Home Mortg.*, No. 16-cv-03185-CMA-KLM, 2017 WL 4675524, at *1 (D. Colo. Oct. 18, 2017) (citing *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994)). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff[ ], giving [plaintiff] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [the] complaint." *Id.*

Title VII prohibits an employer from engaging in certain behavior, including discriminating against any individual "because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a). Title VII also forbids an employer from retaliating against an individual because the individual "has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e–3(a). A plaintiff may prove discrimination and retaliation by either direct or circumstantial evidence. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008); *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004). Direct evidence demonstrates on its face that retaliation was a motive for the challenged action. *Univ. Of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 361(2013). In contrast, circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination or retaliation that discrimination or retaliation has, in fact, occurred. *Anderson*, 122 F. App'x at 916.

In order to establish a prima facie case for retaliation, Plaintiff must show that she (1) engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action to be materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. *See Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008)*.* Defendant argues Plaintiff has failed to satisfy the second prong because remedial training is not a materially adverse action. *Response* [#31] at 5-6.

Regarding the second element of a retaliation claim, an employer takes a materially adverse action if the action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Kenfield v. Colo. Dep't of Pub. Health & Env't*, 557 F. App'x 728, 733 (10th Cir. 2014) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "[T]he fact that an employee continues to be undeterred in . . . her pursuit of a remedy . . . may shed light as to whether the actions are sufficiently material and adverse to be actionable." *Kenfield*, 557 F. App'x at 733 (quoting *Somoza*, 513 F.3d at 1214).

As stated above, Plaintiff alleges that one of Defendant's employees presented her with the "Remediation Plan" on March 27, 2019, which required her to undergo twenty-four additional hours of remedial training. *Proposed Second Am. Compl.* [#30-3] ¶¶ 22, 32. Plaintiff further alleges that this additional training was unnecessary given that she had already completed the same remedial training in the past "successfully," and that this new requirement constitutes continued retaliation for her previously filing a charge of discrimination with the EEOC. *Id.* Defendant avers that requiring an employee to undergo remedial training is not an "adverse action" under Title VII in the Tenth Circuit. *Response*

[#31] at 5.  The Court disagrees.

Defendant argues that Plaintiff has not "pled facts demonstrating that a reasonable person objectively would perceive the requirement [of remedial training] to be materially adverse."  *Id.*  While Defendant is correct that an adverse employment action must be material to satisfy the second element of a retaliation claim, Defendant misstates the standard for determining whether an alleged retaliatory adverse action is material. *See Response* [#31] at 6 ("Under no circumstances can that request be considered adverse to the terms, conditions, and/or privileges of her employment.").  As Plaintiff notes, an alleged retaliatory adverse action is material if the action would possibly dissuade an employee from making a charge of discrimination.  *See Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012) (quoting *Burlington*, 584 U.S. at 64 (2006)), *abrogated on other grounds by Salemi v. Colo. Pub. Emp. Ret. Ass'n*, 747 F. App'x 675 (10th Cir. 2018). Accordingly, Defendant's contention that remedial training is not adverse to the "terms, conditions, and/or privileges" misses the mark.  *Response* [#31] at 6.

Tellingly, Defendant does not cite case law suggesting that remedial training is not an adverse action, but instead generally asserts that Plaintiff has failed to meet the applicable pleading standards.  *Id.* at 4.  While remedial training alone may not constitute actionable adverse action, Plaintiff alleges Defendant required her to undergo *additional* training which she had already successfully completed.  *Proposed Second Am. Compl.* [#30-3] ¶¶ 22, 32.  In *Burlington N. v. Santa Fe*, the Supreme Court held that the context of retaliation claims must be considered.  548 U.S. at 68-69  ("Context matters. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple

recitation of the words used or the physical acts performed." (quoting *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 81-82 (1998))). Here, Plaintiff alleges that she is being required to undergo the same training she already completed because of her complaints of workplace harassment to management and to the EEOC. *Proposed Second Am. Compl.* [#30-3] ¶¶ 32-33. The Court's own research also suggests that in the context of other alleged retaliatory actions, remedial training may be considered an adverse action. *See Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997) (holding that "as a matter of law, [defendant's] conduct which included reduction of duties, disciplinary action, and negative personnel reports, as well as required remedial training, constituted adverse employment action"), *cited with approval in Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998). Accordingly, taking Plaintiff's allegations as true, the Court finds that a reasonable employee could be dissuaded from making or supporting a charge of discrimination by being required to unnecessarily repeat additional remedial training.

Finally, to the extent that Defendant offers declarations and documentary evidence to dispute the new factual allegations contained in Plaintiff's proposed Second Amended Complaint [#30-3], the Court does not consider this evidence at the pleading stage. *See Response* [#31] at 5-6 (citing Defendant's exhibits to refute Plaintiff's characterization of the facts regarding her required remedial training); *Def.'s Ex. 1, Decl. of Mark Nicastle* [#31-1]; *Def.'s Ex. 2, Arapahoe County Sheriff's Office Inter-Office Correspondence/Memorandum* [#31-2]; *Def.'s Ex. 3, Decl. of Lori Wickstrom* [#31-3]. At this stage, the Court must, as stated above, accept Plaintiff's new allegations in the proposed Second Amended Complaint as true, resolve any ambiguities in her favor, and give her the benefit of every reasonable inference drawn from the facts as alleged.

*Bennett*, 2017 WL 4675524, at *1 (citation omitted); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.") (citation omitted). Undoubtedly, Defendant will have an opportunity to challenge the factual basis for Plaintiff's claims. However, the limited scope of the Rule 15(a)(2) futility analysis is not the time to raise these objections. *Bennett*, 2017 WL 4675524, at *1.

Accordingly, the Court finds that Defendant has not carried his burden to show that Plaintiff's new Title VII retaliation charge is futile, and therefore the Court finds that the Motion [#30] should not be denied on the basis of futility. Because of this, the Court exercises its discretion to grant leave to amend "when justice so requires." *Foman,* 371 U.S. at 182.

### III. Conclusion

Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#30] is **GRANTED.** Plaintiff is granted leave to file her Second Amended Complaint as of the date of this Order. **Plaintiff shall file a "clean" non-red-lined version of the Second Amended Complaint on the electronic docket no later than August 14, 2019**.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Second Amended Complaint in accordance with the Fed. R. Civ. P. 15(a)(3) after service of the "clean" non-red-lined version of the Second Amended Complaint.

Dated: August 6, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge